**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

KEITH DOUGHERTY,

              Petitioner,

v.

GEORGE WYSOL, et al.,

              Respondents.

Civil Action No. 23-cv-22744 (CCC)

**MEMORANDUM ORDER**

This matter comes before the Court on the petitioner Keith Dougherty's ("Petitioner") "Motion to Strike Order" (ECF No. 10), which the Court liberally construes due to Petitioner's *pro se* status as a motion for reconsideration, under Federal Rule of Civil Procedure Rule 59(e). Petitioner seeks reconsideration of the Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241.

On May 20, 2024, the Honorable Robert B. Kugler, United States District Judge (ret)[1], dismissed Petitioner's habeas petition, finding (1) a petitioner must bring his § 2241 petition in the jurisdiction where he is incarcerated and Petitioner was not incarcerated in the District of New Jersey, and (2) to the extent that Petitioner was seeking relief from his federal criminal judgment of conviction and sentence, he should instead file a § 2255 motion in the District where he was convicted, the Middle District of Pennsylvania. *See* ECF Nos. 8,9.

The scope of a motion for reconsideration of a final judgment brought pursuant to Rule 59(e) is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e)

---

[1] This matter was reassigned to the undersigned on June 24, 2024. (ECF No. 12.)

motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011) (internal quotation omitted).

In his motion for reconsideration, Petitioner presents no arguments that this Court erred in its legal analysis or conclusion, nor does he present new evidence that was not available when the Court denied his habeas petition. The Court denied Petitioner's habeas petition, finding a § 2241 petition must be brought in the district where the petitioner is currently incarcerated, and Petitioner was not in custody in the District of New Jersey. Petitioner has not shown that the dismissal of his habeas petition was erroneous and has otherwise failed to set forth any valid basis for reconsideration of the Court's dismissal of his petition. His motion for reconsideration is therefore denied.

Also before the Court is Petitioner's "Motion for Panel Rehearing" (ECF No. 13) and two seemingly related documents (ECF Nos. 14, 15). Petitioner has improperly filed these submissions before this Court. While it is unclear what relief Petitioner is requesting, a review of the United States Court of Appeals for the Third Circuit Docket shows that Petitioner's "Motion for Panel Rehearing" and the related documents are copies of documents Petitioner filed with the Third Circuit Court of Appeals in appealing a decision from the United States District Court for the

Eastern District of Pennsylvania. *See* Court of Appeals Docket No. 23-2989, Doc. Nos. 24, 25, 27. Although Petitioner added the docket number for this instant action to these documents, Petitioner fails to assert how they are related to his § 2241 habeas petition. As such, the Court will dismiss Petitioner's "Motion for Panel Rehearing" as improperly filed.

**IT IS THEREFORE** on this 27th day of January, 2024,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; and it is further

**ORDERED** that Petitioner's motion for reconsideration (ECF No. 10) is **DENIED**; and it is further

**ORDRED** that Petitioner's "Motion for Panel Rehearing" (ECF No. 13) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

Hon. Claire C. Cecchi,
United States District Judge

3